## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

|  |  |
|---|---|
| Tamara Laws, ) | |
| ) | |
| **Plaintiff,** ) | **Complaint** |
| v.          ) | |
| ) | **(Jury Trial Demanded)** |
| NSN 34964 LLC d/b/a McDonalds, ) | |
| ) | |
| **Defendant.** ) | |

Plaintiff, through her attorney, would show unto this Court as follows:

1.     Plaintiff is a resident of Spartanburg County, South Carolina.

2.     Defendant NSN 34964 LLC d/b/a McDonald's ("Defendant") is a Limited Liability Corporation incorporated under the laws of the State of South Carolina and conducts business Spartanburg County.

### JURISDICTION AND VENUE

3.     The court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, this also being a proceeding to enforce rights and remedies secured under Title VII.

4.     Venue is proper in the Spartanburg Division because the causes of action arose therein, the acts and practices complained of occurred there, and it is where the Defendant does business and may be found.

5.     Plaintiff exhausted her administrative remedies with the Equal Employment Opportunity Commission and has been issued a Notice of Right to Sue. Plaintiff timely files this Complaint.

### FACTS

6.     Plaintiff applied for a job at the McDonald's restaurant (the "Restaurant") located at 890 N Main St, Woodruff, South Carolina 29388 on or about November 8, 2021.

7.     Defendant owns and operates the Restaurant as a McDonald's franchise.

8.     Plaintiff was interviewed by the general manager and offered a job. The general manager was named John. Plaintiff is unaware of his last name.

9.     John was the most senior manager regularly present at the Restaurant and at all times acted as an agent and alter ego of Defendant. John had the authority to hire and fire Plaintiff and other employees at the Restaurant. John is male and significantly older than Plaintiff.

10.     Around the time John offered Plaintiff the position, he also began texting the Plaintiff asking to meet her alone.

11.     John proceeded to proposition Plaintiff for sex. (Exhibit A).

12.     John offered to pay Plaintiff to perform fellatio on him.

13.     John texted Plaintiff accusing her of "f****** [him] with [her] eyes."

14.     Plaintiff lost a pack of cigarettes and small amount of cash and texted John asking if he had seen them. John replied by text stating, "Quick way to get them both back without looking. All you gotta do is swallow the sausage until it pops. One day offer."

15.     John then stated "How you swallow is up to you" and "That's like $30 for just a lil bit of your time." He repeatedly texted Plaintiff over and over even when Plaintiff did not send any response.

16.     Plaintiff tried not to respond and alternatively made generic responses hoping he would stop. Plaintiff told him John she with a friend and could not meet him.

17.     John continued to pressure Plaintiff for sex texting "tick tock" and "So the ball is

in your court. Check yes or no."

18.     Plaintiff did not meet him or consent to his sexual demands.

19.     Plaintiff looked for a way to report John's ongoing unwanted sexual propositions.

20.     Plaintiff only could find a 1-800 number on McDonald's corporate website. Plaintiff called it but could not get through to speak to a person.

21.     John was the most senior manager Plaintiff ever came into contact with so Plaintiff had no other avenue to report his sexual advances.

22.     Defendant failed to provide employees with any meaningful avenue to report sexual harassment by management. Defendant further failed to notify Plaintiff of any meaningful avenue to report sexual harassment by management.

23.     After Plaintiff refused John's demands, he began discriminating against her at work.

24.     John was deliberately harsh on Plaintiff and reprimanded her unnecessarily.

25.     On November 27, 2021, Plaintiff was at work and discovered that her father was unexpectedly hospitalized with life threatening injuries. Plaintiff was informed she immediately needed to come to the hospital due to her father's deteriorating condition.

26.     John then texted Plaintiff "you no longer have a job."

27.     Plaintiff was terminated that day.

28.     Upon information and belief, other employees were not terminated for leaving work for a family emergency. Plaintiff was terminated because she refused John's sexual advances.

29.     Upon information and belief, John sexually harassed other female employees of

Defendant and pressured them for sex both before and after his misconduct with Plaintiff.

30.    Defendant was aware of John's sexual misconduct but failed to correct the conduct or take any action to protect its employees.

**Count I**
**For a First Cause of Action**
**Discrimination and Harassment**
**Title VII (42 U.S.C. § 2000e)**

31.    Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

32.    Defendant sexually harassed and discriminated against and otherwise treated Plaintiff in a disparate manner vis- à-vis male employees. Plaintiff was sexually harassed due to her gender.

33.    Plaintiff, along with multiple other female employees, was subjected to discrimination and harassment by Defendant through sexual comments and offers of money for sex from Defendant though its agent John.

34.    Upon information and belief, Defendant was fully aware that John acted inappropriately towards women.

35.    Defendant failed to address the inappropriate behavior despite full knowledge and receiving multiple reports of misconduct.

36.    Plaintiff was subject to disparate discipline because she refused to have sex with John in the form of increased scrutiny, improper corrections, and ultimately termination.

**Count II**
**For a Second Cause of Action**
**Negligent Training,**
**Supervision, and Retention**

37.    Plaintiff incorporates by reference the foregoing allegations as if set forth here in

full.

38.    Defendant owed Plaintiff a duty to exercise reasonable care in the training, supervision, and retention of general managers and other employees under South Carolina law.

39.    Defendant breached its duty to Plaintiff in failing to properly train, supervise, or retain employees, and specifically John, including but not limited to the following:

- Failure to properly investigate John's background;

- Failure to properly determine whether John was fit for duty;

- Failure to properly train John to perform his duties;

- Failure to insure John was exercising his duties in a diligent, proper, and reasonable manner;

- Failure to properly investigate John's actions as general manager;

- Failure to properly discipline John for unreasonable behavior.

40.    Defendant's breach of duty as described above was the direct and proximate cause of injury to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests a trial by jury on her claims of sex discrimination in violation of Title VII and South Carolina state law and that she be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States, injunctive relief, including but not limited to actual/make whole relief, compensatory and punitive damages, attorney fees, expenses, costs, and pre- and post-judgment interest, and all other and further relief as to this Court appears necessary and proper including, but not limited to, equitable relief to compensate Plaintiff.

Respectfully submitted this 26th day of April 2023.

GROVE OZMENT, L.L.C.


s/Matthew R. Ozment
Matthew R. Ozment Fed Bar No. 12403
Email: Matt@go-lawyers.com
100 Williams Street
Greenville, SC 29601
Telephone: 864-516-2222

*ATTORNEY FOR PLAINTIFF*


Greenville, South Carolina